IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

William Emmett Bell,   Case No. 3:16CV984

    Plaintiff,

    v.   **ORDER**

Zurich Insurance Co., et al.,

    Defendants.

    Sandra Bell, the widow of William *Edward* Bell (Edward) submitted a claim for death benefits to defendant Zurich Insurance Company. Zurich had issued a disability and death group insurance policy that covered employees of defendant Macy's, Inc. Sandra Bell was an employee of Macy's.

    Zurich employed defendant CS Claims Group to obtain *Edward's* medical records. An employee of CS Claims, Karen Doyle, asked Macy's to provide *Edward's* medical records. Macy's did so.

    However, in addition to providing *Edward's* records, Macy's also sent along records of a different and unrelated employee, the plaintiff William *Emmett* Bell (Emmett). Doyle forward what she had obtained to Zurich. *Emmett* learned in February, 2016 about the disclosure of his records.

    *Emmett* filed this lawsuit on March 21, 2016, about a month after first learning of the disclosure of his records, in the Common Pleas Court of Lucas County, Ohio. Defendants filed a timely notice of removal to this court.

*Emmett* asserts three claims under Ohio law: 1) unlawful intrusion (in part, at least, allegedly malicious and willful) into his privacy interest in his medical records and resulting humiliation and emotional distress; 2) violation of his privacy interest in his medical records (which his reply brief recasts as intrusion into seclusion); and 3) intentional inducement, as third parties to plaintiff *Emmett's* physician-patient relationship, of his physician to release his records.

Pending is *Emmett's* motion for remand (Doc. 4), which Zurich opposes. (Doc. 9). In addition, Zurich filed a motion to dismiss (Doc. 20), to which plaintiff has responded. (Doc. 28).

In addition, defendant Doyle filed a motion to quash service of process (Doc. 14), to which plaintiff has responded. (Doc. 29).

For the reasons that follow, I deny the motion to remand, grant Zurich's motion to dismiss, and (holding a ruling on the motion to quash in abeyance, without prejudice) order the plaintiff to show cause why her complaint should not be granted as to the remaining defendants.

**Discussion**

**A. Waiver**

Plaintiff, an Ohio resident, claims that there is no diversity of citizenship between her and Macy's, a Delaware corporation doing business in Ohio.

While Zurich does not contend that is not so, it claims removal of this case was proper because plaintiff fraudulently joined Macy's as a defendant.

Zurich also argues, as a threshold matter, that plaintiff waived any right to seek remand when she filed motions for default against Doyle and CS. *See, e.g., Tucker v. Thomas*, 2011 WL 1119661, *5 (N.D. W.Va.) (plaintiff affirmatively availed himself of court's jurisdiction by seeking default, thereby waiving right to remand).

2

Plaintiff argues in response (without citation) that this doctrine does not apply because she sought default after she had filed her motion to remand.

I need not reach this possibly tricky issue. *See generally Skarpa v. Cameron Int'l Corp.*, 2015 WL 11072129, *7 (E.D. Tex.); *Gomez v. Martin Marietta Corp.*, 1993 WL 17684, *1 (E.D. La.) ("The dispositive issue . . . is the extent of a plaintiff's conduct in the federal proceedings . . . .") (internal quotation marks and citation omitted). There being, so far as I could determine, no clear and dispositive authority on the issue that plaintiff asserts, I will address Zurich's other arguments in favor of removal.

## B. Remand Motion

### 1. Procedural Considerations

Under the removal/remand provisions, a plaintiff can maintain a claim against a non-diverse defendant, and thus become entitled to remand, only where the plaintiff has "properly joined and served" the non-diverse defendant. 28 U.S.C. § 1441(b)(2).

Case law in our Circuit has established some baseline principles.

First, federal, not state, law applies the standard for determining whether a plaintiff can maintain a claim against a non-diverse defendant. *E.g., Beavers v. DuPuy Orthopedics, Inc.*, 2012 WL 1945603, *3 (N.D. Ohio) (Katz., J.). Accordingly, the court applies the *Twombley/Iqbal* standard. *Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015) (citing cases).[1]

---

[1] In this case, applying the federal standard can make a difference: Ohio courts have generally declined to adopt the *Twombley/Iqbal* doctrine and retain the pre-*Twombley/Iqbal* notice pleading standard. *See generally Sacksteder v. Senney*, 2012-Ohio-4452, ¶ 39, 2012 WL 4480695, *9 (Ohio App.) (examining cases) ("We have reviewed the relevant authority and do not find that heightened standards have been adopted.").

Second, "the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is *arguably even more deferential*." *Walker v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 954 (6th Cir. 2011) (emphasis supplied). *Accord Herold v. ASII, Inc.*, 2012 WL 243303, *3 (N.D. Ohio) (citing *Walker*, *supra,* 443 Fed. Appx. at 953) ("[T]he test for deciding a motion to remand involving fraudulent joinder allegations, is similar to, but more lenient than, the analysis applicable to Rule 12(b)(6) motion to dismiss.").

Third, Zurich has the burden of showing that plaintiff cannot make out a claim against Macy's. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999) ("[T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.").

Fourth, "all doubts as to the propriety of removal are resolved in favor of remand." *Id.* (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

### 2. The Complaint's Allegations

What follows is a summary of the complaint's almost entirely conclusory and speculative contentions (cited by complaint paragraph number), followed by my commentary on the deficiencies of each.

- Contention: All defendants, including Macy's, received and distributed *Emmett's* records "by misrepresenting to the custodians of the records they had the authority to do so." (¶ 17).

    Comment: There is no indication of the date, form, content, or mode of communicating any such "misrepresentations" or whether Macy's made any such "misrepresentations" knowingly or intentionally.

- Contention: On being notified of the improper conduct, defendants, including Macy's, failed to return, but instead further disseminated, *Emmett's* records (¶ 18).

  Comment: The complaint does not state from whom or by what means *Emmett* first learned of the disclosure, or when or by what means *Emmett* notified and made a demand for return on Macy's. Nor is there a factual basis for the contention that Macy's, or any defendant, following notice, further disseminated any of the records or otherwise had any control over them during the month or so after *Emmett* learned of the disclosure in February and filed suit in March.

- Contention: The defendants "collectively failed to notify [*Emmett*] of their breach into his private medical records and their dissemination of same." (¶ 18).

  Comment: There is no indication as to when, if ever prior to receipt of the complaint, Macy's knew or had reason to know it had obtained and sent *Emmett's* records to Doyle.

- Contention: "The conduct of the defendants was shown to be malicious, when they deliberately and willfully failed to take any action to further secure plaintiff's improperly acquired records, and to prevent any further dissemination, after being given written notice of breach of plaintiff's medical records." (¶ 24).

  Comment: The complaint does not state: 1) by whom, when, or in what manner it "was shown" that Macy's acted other than, at worst, negligently; 2) by whom, when, or in what manner plaintiff demanded that no further dissemination occur; 3) that further dissemination occurred; or 4) a factual basis for asserting Macy's mindset was malicious, deliberate, or willful.

5

- Contention: "The intent of defendants, collectively, is shown by the complete failure of them to take any action to return, or secure the records after being given written notice of such unlawful disclosure." (¶ 29).

  Comment: The complaint does not allege when or from whom plaintiff demanded that his records be made "secure" or returned, or when or on whom he made such demand. Nor is there any factual allegation as to the mode and manner of any noncompliance, much less that any noncompliance, given the short period between plaintiff's having learned about the disclosure and this lawsuit, was in any way unreasonable, much less actionably unlawful.

### 3. Insufficiency of the Complaint

#### A. *Twombley/Iqbal* Standard

The Sixth Circuit has succinctly summarized the *Twombley/Iqbal* doctrine:
A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). We must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs to determine whether the complaint establishes a valid basis for relief. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). However, this rule does not apply to legal conclusions or unwarranted factual inferences. *Severe Records, LLC v. Rich*, 658 F.3d 571, 578 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct.

1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)) (second alteration in original).

*Alshaibani v. Litton Loan Servicing, LP*, 528 Fed. Appx. 462, 463-64 (6th Cir. 2013).

### B. Application of the Standard

### 1. Invasion of Privacy

The elements of false-light invasion of privacy are:

"One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

*Welling v. Weinfeld*, 113 Ohio St.3d 464, 467 (2007) (quoting Restatement (2d) of Torts § 652E (1977)).

Aside from its rank deficiencies under *Twombley/Iqbal*, plaintiff's allegations fail to state a cause of action against Macy's.

First, there is no suggestion in the complaint that disclosure of his medical records in any way cast *Emmett* in a "false light" because of any inaccuracy in the records (much less any inaccuracy of which Macy's was aware). Under the Restatement provision cited by the Ohio Supreme Court in *Welling*, a "plaintiff cannot succeed on a claim of invasion of privacy by false light if the alleged communication is accurate or true. *Carson v. Palombo,* 18 N.E.3d 1036, 1048 (Ind. App. 2014).

There is no allegation that the unidentified Macy's employee responsible for procuring *Emmett's* records along with *Edward's* had actual knowledge that he or she had obtained and

sent along records that he or she should not have requested, obtained, of forwarded. Nor does the complaint allege that that employee acted with reckless disregard for a (non-existent) false light.

Plaintiff thus utterly fails to state a cognizable claim for invasion of privacy.

### 2. Intrusion Into Seclusion

Ohio has likewise adopted the Restatement (2d) of Torts definition of the tort of intrusion into another's seclusion:

> The scope of a person's liability for intrusion into another's seclusion is stated in Section 652B of the Restatement of Torts 2d, as follows: "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

*Sustin v. Fee*, 69 Ohio St.2d 143, 145 (1982) (quoting Restatement (2d) of Torts § 652B (1977)).

"This theory," as the court stated in *Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 677 (Ohio App. 2015) (internal citations omitted), "requires proof of an intentional intrusion upon the solitude or seclusion of another or his private affairs or concerns."

Plaintiff's complaint fails to allege that the unknown Macy's employee who obtained *Emmett's* records did so intentionally.[2]

### 3. Wrongfully Inducing Disclosure of Medical Records

The Ohio Supreme Court has recognized and defined the tort of wrongfully inducing another to disclose confidential medical records; to establish liability for such conduct, the plaintiff must prove:

---

[2] In any event, seeking to obtain *Emmet's* records, not just those of *Edward*, would require a factual allegation showing the employee who obtained the records knew *Emmett* and had some reason to obtain and send his records to a claims administrator and death benefits insurer. Even if the complaint contained the talismanic word "intent," the complaint, in this context, would fail on plausibility grounds.

8

> (1) the defendant knew or reasonably should have known of the existence of the physician-patient relationship; (2) the defendant intended to induce the physician to disclose information about the patient or the defendant reasonably should have anticipated that his actions would induce the physician to disclose such information; and (3) the defendant did not reasonably believe that the physician could disclose that information to the defendant without violating the duty of confidentiality that the physician owed the patient.

*Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 408 (1999) (internal quotation marks and citation omitted).

To be sure, plaintiff alleges that "the defendants, collectively, . . . could not reasonably believe that they were entitled to" disclose the records. (¶ 29).

As plead, this statement attributes no particular wrongful conduct to Macy's. Instead, it lumps all defendants, regardless of their differing roles in the process of acquiring *Emmett's* records, into a unitary, conspiracy-type group.

More importantly, this allegation is simply an unadorned, formulaic restatement of an element of the tort. There is absolutely no basis, in light of *Twombley/Iqbal*, on which to find such recitation, devoid as it is of any individualized facts, sufficient to state a claim of wrongful inducement against Macy's.

## Conclusion

Even read charitably, and in an effort to find that somehow plaintiff had stated claims against Macy's and thus was entitled to remand to have her claims tried in state court, her complaint fails. Each of the three asserted causes of action requires proof of a particular mindset, but each fails to attribute that mindset to Macy's or to do so in a plausible manner.

I find, accordingly, that remand would not be proper due to plaintiff's fraudulent joinder of Macy's.

In addition, I find that plaintiff has failed to state a plausible claim against Macy's. That defendant is, accordingly, entitled to dismissal.

Finally, it appearing that the defects that infect the complaint are applicable to the other defendants, I will *sua sponte* call on the plaintiff to show cause why the complaint should not be dismissed as to the remaining defendants.[3]

It is, accordingly,

ORDERED THAT:

1. Plaintiff's motion to remand (Doc. 4) be, and the same hereby is, overruled;

2. Defendant Zurich's motion to dismiss (Doc. 20) be, and the same hereby is, granted;

3. Plaintiff shall show cause on or before October 10, 2016, why her complaint should not be dismissed as to all defendants; remaining defendants granted leave to file opposition to plaintiff's showing by October 31, 2016; plaintiff's reply due November 15, 2016; and

4. Ruling on motion to quash (Doc. 14) held in abeyance, without prejudice to movant's objections to service of process, pending adjudication of plaintiff's response to the show cause order.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[3] So doing, I hold in abeyance a ruling on Ms. Doyle's motion to quash. Any pleading she may submit as a result of my *sua sponte* show cause order shall entirely be without prejudice to her contention that plaintiff failed properly to serve her.